Pfeifer, J.,
dissenting.
{¶ 38} The facts of this case are such that an ordinary citizen would think, “There ought to be a law against that.” Until today, there was.
{¶ 39} R.C. 4112.02(A) makes it unlawful for any employer “to discharge without just cause” an employee because of his or her sex. R.C. 4112.01(B) makes clear that the prohibition in R.C. 4112.02(A) includes discrimination and discharge on the basis of pregnancy and pregnancy-related illness:
{¶ 40} “[T]he terms ‘because of sex’ and ‘on the basis of sex’ include, but are not limited to, because of or on the basis of pregnancy, any illness arising out of and occurring during the course of a pregnancy, childbirth, or related medical conditions. Women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work.”
{¶ 41} McFee provided a doctor’s note to Pataskala Oaks indicating that she had a pregnancy-related illness, pregnancy-related swelling, that rendered her unable to continue her job duties until six weeks after she gave birth. Pataskala Oaks says that it did not fire McFee because she was ill, but because she missed work because she was ill. What did the General Assembly mean when it protected women from discharge based upon pregnancy-related illness? Did it intend women not to treat their illness, but instead to go to work ill? That they should follow their doctor’s advice for bed rest by bringing their beds to their place of employment? Does not the word “illness” connote missed work time?
{¶ 42} The Civil Rights Commission was perfectly in line with R.C. 4112.01(B) when it promulgated Ohio Adm.Code 4112-5-05(G), establishing what constitutes pregnancy discrimination and including in that definition protections for women whose employers had no maternity leave available. McFee is protected under Ohio Adm.Code 4112-5-05(G)(2):
*192 Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, Stephen P. Carney and Emily S. Schlesinger, Deputy Solicitors, and Patrick M. Dull, Assistant Attorney General, for appellee.
Dinsmore & Shohl, L.L.P., Jan E. Hensel, and Patricia Gavigan, for appellant.
Gordillo & Gordillo, L.L.C., and Gregory A. Gordillo, urging affirmance for amici curiae Ohio Employment Lawyers Association, Ohio Poverty Law Center, and Ohio NOW Legal Defense and Education Fund.
Porter, Wright, Morris & Arthur, L.L.P., and Jeffrey J. Weber, urging reversal for amicus curiae National Federation of Independent Business Small Business Legal Center.
Rolf & Goffman Co., L.P.A., Carol Rolf, and Robert C. Pivonka, urging reversal for amicus curiae Ohio Health Care Association.
Vorys, Sater, Seymour & Pease, L.L.P., Thomas M. Tarpy, and Michael C. Griffaton, urging reversal for amicus curiae Ohio Management Lawyers Association.
{¶ 43} “Where termination of employment of an employee who is temporarily disabled due to pregnancy or a related medical condition is caused by an employment policy under which insufficient or no maternity leave is available, such termination shall constitute unlawful sex discrimination.”
{¶ 44} Pursuant to the Pataskala Oaks employment policy, there was no maternity leave available to McFee. Therefore, her termination constituted direct evidence of unlawful sex discrimination.
{¶ 45} It should be noted that McFee was not asking to be paid for her time off, and the law does not require her to be paid. The ironic postscript to this whole matter is that Pataskala Oaks called McFee three weeks after firing her and offered her a job. The burden of allowing McFee'unpaid leave to deal with the medical effects of her pregnancy had turned out to be not such a burden. Now, as McFee’s child likely is graduating from kindergarten, Pataskala Oaks is finally emerging from litigation. It fought the statutorily mandated decency contained in R.C. 4112.01(B) and 4112.02(A) and won. Who is better for it?